IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TERI ANNA ROLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:21-cv-817-ALM-KPJ |
| JAMIE MASTERS *et al.*, | § | |
| | § | |
| Defendants. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

The following motions (together, the "Motions") are pending before the Court:

1. Motion to Dismiss (Dkt. 15) filed by Defendants Sherry Shipman ("Judge Shipman") and Tiffany Haertling ("Judge Haertling" and together with Judge Shipman, the "Judicial Defendants"). Plaintiff Teri Anna Roland ("Plaintiff") filed responses (Dkts. 16, 20), to which the Judicial Defendants filed a reply (Dkt. 17).

2. Motion to Dismiss (Dkt. 18) filed by the following Defendants: Texas Department of Family and Protective Services ("DFPS") Commissioner Jamie Masters ("Commissioner Masters"), Texas Governor Greg Abbott ("Governor Abbott"), and the State of Texas (collectively, the "State Defendants" and, together with the Judicial Defendants, "Defendants"). Plaintiff filed a response (Dkt. 20), to which the State Defendants filed a reply (Dkt. 21).

Upon consideration, the Court recommends the Motions (Dkts. 15, 18) be **GRANTED** and Plaintiff's Amended Complaint (Dkt. 4) be **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff's children were taken from her by the State of Texas. *See* Dkts. 1, 4, 5, 10; *see also In re A.M, K.R., K.R., D.R., Children*, No. 20-3466-16 (16th Dist. Ct., Denton Cnty., Tex. filed Apr. 29, 2020). Subsequently, on June 1, 2021, Plaintiff filed suit in the Eastern District of Texas against Defendants and two others (DFPS and Texas Attorney General Ken Paxton[1])

---

[1] It is the Court's understanding that Plaintiff did not initially file suit against Governor Abbott and Commissioner Masters, but later amended her complaint to remove Texas Attorney General Ken Paxton as a defendant and added as defendants Governor Abbott and Commissioner Masters. *See* First Lawsuit Dkt. 45 at 2.

seeking to regain custody of her children. *Roland v. Texas*, No. 4:21-cv-415-SDJ-CAN (E.D. Tex. filed June 1, 2021) (the "First Lawsuit"). On September 21, 2021, Plaintiff's parental rights were terminated by a Final Order of Termination entered by the 16th District Court of Denton County, Texas. *See* Dkt. 18-1 (court order dated September 21, 2021, terminating Plaintiff's parental rights); *In re A.M, K.R., K.R., D.R., Children*, No. 20-3466-16 (16th Dist. Ct., Denton Cnty., Tex. filed Apr. 29, 2020). On October 12, 2021, even though the First Lawsuit was pending, Plaintiff filed this lawsuit seeking to regain custody of her children. *See* Dkts. 1, 4. Both lawsuits, as discussed herein, have the same factual basis, involve the same defendants, and largely request the same relief.

### A. Defendants

Plaintiff seeks to recover in this lawsuit against five Defendants, each of whom holds an official position within the State of Texas.[2] Judge Shipman presides over the 16th District Court of Denton County, Texas,[3] and entered the Final Order of Termination that terminated Plaintiff's parental rights. *See* Dkt. 18-1; *In re A.M, K.R., K.R., D.R., Children*, No. 20-3466-16 (16th Dist. Ct., Denton Cnty., Tex. filed Apr. 29, 2020). Judge Haertling presides over the 442nd District Court of Denton County, Texas.[4] The state court docket reflects Judge Haertling entered orders in the underlying state court proceedings. *In re A.M, K.R., K.R., D.R., Children*, No. 20-3466-16 (16th Dist. Ct., Denton Cnty., Tex. filed Apr. 29, 2020). Commissioner Masters is the Commissioner of

---

[2] The Court takes judicial notice of the positions held by each Defendant. *See* FED. R. EVID. 201.

[3] *See 16th District Court*, https://www.dentoncounty.gov/528/16th-District-Court (last visited Aug. 18, 2022).

[4] *See 442nd District Court*, https://www.dentoncounty.gov/555/442nd-District-Court (last visited Aug. 18, 2022).

DFPS,[5] which prosecuted the underlying state court proceedings. *See id.* And Governor Abbott is the governor of the State of Texas.[6]

Plaintiff brought claims against two additional state actors in the First Lawsuit, although they are not named as defendants in this lawsuit: Texas Attorney General Ken Paxton[7] and DFPS.

**B. The First Lawsuit**

In the First Lawsuit, Plaintiff alleged her children were unlawfully seized by the State of Texas. *See* First Lawsuit Dkt. 9 at 4 ("I demand for the immediate return of my children in which were unlawfully taken, seized, detained . . . by the defendants . . . . No jurisdiction was ever established by the defendants on any record to lawfully seize my children."). For relief, Plaintiff demanded: "[a]n emergency order to return [her] children to her"; a "permanent injunction for protection against the State of Texas"; and millions of dollars in damages. *See id.* at 5–6.

Four defendants moved to dismiss Plaintiff's claims.[8] Judge Shipman moved to dismiss Plaintiff's claims, arguing:

> (1) Plaintiff lacks standing to bring claims against Judge Shipman; (2) Judge Shipman has judicial immunity from suit; (3) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, or in the alternative, by *Younger* abstention; (4) Plaintiff's claims are barred by the Domestic Relations Exception to federal jurisdiction; and (5) Plaintiff otherwise fails to state a claim upon which relief may be granted.

*Id.* Dkt. 42 at 4; *see id.* Dkt. 15. Governor Abbott, Commissioner Masters, and DFPS also moved to dismiss Plaintiff's claims, asserting the same arguments as Judge Shipman, except that such

---

[5] *See Jaime Masters*, TEX. DEP'T OF FAMILY AND PROTECTIVE SERVS., https://www.dfps.state.tx.us/About_DFPS/Executives/Masters_Jaime.asp (last visited Aug. 18, 2022).

[6] *About the Governor*, OFF. OF THE TEX. GOVERNOR, https://gov.texas.gov/ (last visited Aug. 18, 2022).

[7] *About the Attorney General*, https://www.texasattorneygeneral.gov/about-office (last visited Aug. 18, 2022).

[8] Two defendants—the State of Texas and Judge Haertling—did not appear in the First Lawsuit and were dismissed *sua sponte* for Plaintiff's failure to timely serve such defendants with legal process. *See* First Lawsuit Dkt. 45 at 4–5 (recommending dismissal under Rule 4(m)); Dkt. 51 (adopting Report and Recommendation); Dkt. 52 (Final Judgment).

3

defendants moved to dismiss Plaintiff's claims based on Eleventh Amendment immunity instead of judicial immunity. *See id.* Dkt. 18. Plaintiff filed responses to both motions, *see id.* Dkts. 16, 22, to which replies were filed, *see id.* Dkts. 19, 23. United States Magistrate Judge Christine A. Nowak recommended Plaintiff's claims against Judge Shipman, Governor Abbott, Commissioner Masters, and DFPS be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine or, in the alternative, based on judicial or Eleventh Amendment immunity, as appropriate. *See id.* Dkt. 42 at 6, 12; Dkt. 45 at 6. Plaintiff timely filed objections to Judge Nowak's report and recommendations, *see id.* Dkts. 43, 46, which United States District Judge Sean D. Jordan considered and overruled, *see id.* Dkts. 50, 51. On March 3, 2022, both motions to dismiss were granted and final judgment was entered dismissing the First Lawsuit without prejudice. *See id.* Dkts. 50, 51, 52.

Plaintiff appealed the final judgment, *see id.* Dkt. 53, but her appeal was dismissed for want of prosecution. *See id.* Dkt. 55.

### C. This Lawsuit

Plaintiff initiated this lawsuit by filing a "Petition for Writ of Habeas Corpus"[9] on October 12, 2021, after Plaintiff's parental rights were terminated but before final judgment was entered in the First Lawsuit. *See* Dkt. 1. Like the First Lawsuit, this lawsuit arose from Plaintiff's contention that her children were wrongfully taken from her. Plaintiff's Petition for Writ of Habeas Corpus provides as follows:

> Comes now Affiant, Teri Anna Roland, on behalf of private association members ["K.R.," "K.R.," "D.R.," and "A.M."], sui juris, in her own right to possession

---

[9] The purpose of filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is to challenge the validity of a state conviction and/or sentence, and to determine whether the conviction or sentence is in violation of the United States Constitution, a United States Supreme Court case law, a federal law, or a United States treaty. 28 U.S.C. § 2254(a). The person filing must be in state custody. *Id.* The purpose of filing a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is to challenge the method in which a sentence is being executed or the implementation of a sentence. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Because this matter does not stem from a criminal action, Plaintiff improperly filed her initial pleading as a Petition for Writ of Habeas Corpus.

> under the control thereof before this honorable court and respectfully petitions this court, for a WRIT OF HABEAS CORPUS.
>
> Wherein, that a corpus or body of Said private association member(s) be delivered as most immediately as practicable or within FORTY-EIGHT(48) hours to have a probable cause hearing about the wrongful detainer and unlawful detainer of Said private association members without a basis of fact or law.

*See* Dkt. 1.

On October 25, 2021, Plaintiff filed an Amended Complaint (Dkt. 4), which contains seven allegations and two requests for relief. Plaintiff alleges:

> 1.) Defendants Unlawfully have Plaintiff's children without consent nor right.
> 2.) Defendants under color of law, deprived Plaintiff the right to access and possession of children.
> 3.) Plaintiff is entitled with impunity to access and possession of her children, life and liberty.
> 4.) The defendants have acted outside their delegated authority and injured the plaintiff.
> 5.) The plaintiff has the superior claim, interest and right to possession of her children.
> 6.) The defendants can not [sic] prove a right to possession of the plaintiff's children.
> 7.) The Plaintiff's children have suffered harm, injury and damage due to the defendants [sic] actions.

*See* Dkt. 4 at 4. As in the First Lawsuit, Plaintiff requests the District Judge "issue an emergency order" requiring Defendants to return Plaintiff's children to her and issue a permanent injunction against Defendants prohibiting all contact with Plaintiff and her children. *See id.* at 5. Notably, in the Amended Complaint, Plaintiff represents the First Lawsuit "deal[s] with the same facts involved in this action." *See id.* at 2.

Plaintiff thereafter filed two emergency motions for the return of her children. *See* Dkt. 5 (Emergency Motion for Release and Return of Minor Children); Dkt. 10 (Amended Emergency Motion for Release and Return of Minor Children).

On November 17, 2021, the Judicial Defendants moved to dismiss Plaintiff's claims against them, arguing that, like the First Lawsuit, Plaintiff's claims must be dismissed because: (1) Plaintiff lacks standing to bring claims against them; (2) Plaintiff's claims are barred by *Younger* Abstention; (3) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine; and (4) Plaintiff fails to state a claim upon which relief may be granted. *See* Dkt. 15 at 3. Plaintiff filed two responses, neither of which address the legal arguments made in the Judicial Defendants' Motion. *See* Dkts. 16, 20. The Judicial Defendants filed a reply. *See* Dkt. 17.

On November 19, 2021, the State Defendants moved to dismiss Plaintiff's claims against them. *See* Dkt. 18. As in the First Lawsuit, the State Defendants argued: (1) Plaintiff lacks standing to bring claims against them; (2) Plaintiff's claims are barred by Eleventh Amendment Immunity and sovereign immunity; (3) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine; and (4) Plaintiff fails to state a claim upon which relief may be granted. *See id.* at 8. Plaintiff filed a response; however, it failed to address the legal arguments made in the State Defendants' Motion. *See* Dkt. 20. The State Defendants filed a reply. *See* Dkt. 21. Both Motions are fully briefed and ripe for adjudication.

## II.    ANALYSIS

The Court finds Plaintiff's claims must be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. Because the *Rooker-Feldman* doctrine is dispositive as to all of Plaintiff's claims asserted in this action, the Court does not reach Defendants' remaining jurisdictional arguments. The Court does, however, write separately to explain that Plaintiff's claims against Judge Shipman, Governor Abbott, and Commissioner Masters are also precluded by res judicata, as this is now the second case in which the Court has evaluated its jurisdiction over Plaintiff's claims arising out of her state-court custody proceedings.

### A. *Rooker-Feldman* Doctrine

The Court finds Plaintiff's claims against Defendants are barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction "to entertain collateral attacks on state court judgments." *Kam v. Dall. Cnty.*, 756 F. App'x 455, 455 (5th Cir. 2019) (per curiam) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). The doctrine applies in cases where "the losing party in a state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) (emphasis removed) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). In such cases, the *Rooker-Feldman* doctrine prohibits federal review of "the precise claims presented to the state court," as well as "claims that are 'inextricably intertwined' with a state court decision." *Kam*, 756 F. App'x at 455–56 (quoting *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384–85 (5th Cir. 2017)). Relevant here, federal courts have consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to family disputes in state court, including child custody matters. *See Roland v. Texas*, No. 4:21-cv-415, 2022 WL 1192781, at *7 (E.D. Tex. Jan. 26, 2022) (collecting cases), *R. & R. adopted*, 2022 WL 622320 (E.D. Tex. Mar. 3, 2022), *appeal dismissed*, No. 22-40163 (5th Cir. June 7, 2022); *see also Meaux v. U.S. Gov't*, 648 F. App'x 409, 410 (5th Cir. 2016) (per curiam) (holding the *Rooker-Feldman* doctrine barred the district court's review of a child custody judgment entered in state court).

The Court finds the *Rooker-Feldman* doctrine divests the Court of jurisdiction to hear Plaintiff's claims in this case wherein the state court terminated Plaintiff's custodial rights and, in a final judgment, subsequently terminated Plaintiff's parental rights. *See* Dkts. 1 and 4 (alleging Plaintiff's children were taken by the State of Texas and seeking their return); Dkt. 18-1 (Final

Order of Termination); *see also In re A.M, K.R., K.R., D.R., Children*, No. 20-3466-16 (16th Dist. Ct., Denton Cnty., Tex. filed Apr. 29, 2020) (reflecting the Final Order of Termination as a "Final Order/Judgment/Decree" that "closes entire case"). After Plaintiff's parental rights were terminated by the state court, Plaintiff filed this civil action, requesting the Court order Defendants—the judges who presided over the state case, the Commissioner of DFPS (the Texas agency that prosecuted the state case), and the Governor of Texas—to return Plaintiff's children to her custody. *See* Dkts. 1, 4. However, Plaintiff's claims are, at the very least, "inextricably intertwined" with the state court's decisions to terminate Plaintiff's custodial and parental rights, as Plaintiff invites the Court to review and reject the state court's findings and related child custody orders. *See* Dkt. 4 (alleging Defendants unlawfully took Plaintiff's children and requesting "an emergency order" be entered against Defendants requiring "defendants to return children [sic] to the plaintiff without delay"). Plaintiff's requested relief, if granted, would require the Court to review and reject the state court's findings and related orders with respect to Plaintiff's custodial and parental rights.[10] As such, the *Rooker-Feldman* doctrine bars the Court's review of Plaintiff's claims. *See Kam*, 756 F. App'x at 456 (holding a federal court does not have jurisdiction if the claims presented and relief requested would require reversal of a state court judgment); *see also Meaux*, 648 F. App'x at 410 (a federal court does not have jurisdiction to review state court custody orders); *Roland*, 2022 WL 1192781, at *6–8 and n.12 (finding the *Rooker-Feldman* doctrine deprived the Court of jurisdiction over all of Plaintiff's claims in the First Lawsuit, which were identical to Plaintiff's claims in this action and asserted against the same Defendants); *Roland v. Texas*, No. 4:21-cv-415, 2022 WL 1175695, at *3–5 (E.D. Tex. Jan. 6, 2022), *R. & R. adopted*,

---

[10] The Court notes Plaintiff does not allege that she did not receive due process under the law or that the state court orders otherwise violated her federally or constitutionally protected rights, as required to establish original jurisdiction under Section 1331. *See* 28 U.S.C. § 1331.

8

2022 WL 622318 (E.D. Tex. Mar. 3, 2022), *appeal dismissed*, No. 22-40163 (5th Cir. June 7, 2022).

### B. Res Judicata

Although this issue was not ripe for review when the Motions were filed[11] and, hence was not raised by the parties, the Court finds res judicata precludes Plaintiff's claims against Judge Shipman, Commissioner Masters, and Governor Abbott, as this is the second time the Court has evaluated its jurisdiction over Plaintiff's claims.

#### 1. *The Court may consider res judicata sua sponte.*

The Court finds, in this case, it may consider res judicata *sua sponte*. "Generally, res judicata is an affirmative defense that must be pleaded, not raised *sua sponte*." *Mowbray v. Cameron Cnty., Tex.,* 274 F.3d 269, 281 (5th Cir. 2001). However, there are two exceptions to this general rule, both of which permit a district court to raise res judicata *sua sponte*. *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264 (5th Cir. 2018) (per curiam). The first exception allows "[d]ismissal by the court sua sponte on res judicata grounds . . . in the interest of judicial economy where both actions were brought before the same court." *Id.* (alterations in original) (quoting *Mowbray*, 274 F.3d at 281). The second exception applies "where all of the relevant facts are contained in the record . . . and all are uncontroverted." *Id.* In this case, the first exception applies, as this lawsuit and the First Lawsuit contain the same factual basis and were both filed in the Eastern District of Texas. *See id.*

#### 2. *Res judicata applies in this case.*

"Res judicata 'bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *Id.* at 265 (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428

---

[11] The Motions were filed prior to the entry of Judge Nowak's Report and Recommendations in the First Lawsuit.

F.3d 559, 571 (5th Cir. 2005)). Dismissal based on res judicata is appropriate when four elements are met: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Id.* All four elements are met as between this case and the First Lawsuit.

First, all Defendants in this case were defendants in the First Lawsuit. *Compare* Dkts. 1 and 4 *with* First Lawsuit Dkt. 9.

Second, the judgment in the First Lawsuit was rendered by a court of competent jurisdiction, as the Court was authorized in the First Lawsuit to evaluate the existence of subject-matter jurisdiction. *See Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 83 (2017) ("[A] court of competent jurisdiction is a court with a grant of subject-matter jurisdiction covering the case before it."); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Third, the First Lawsuit was concluded by a final judgment on the merits. *See* First Lawsuit Dkt. 52 (Final Judgment entered March 3, 2022). Although the First Lawsuit was dismissed for lack of jurisdiction, "[i]t has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." *Unity Commc'ns Inc. v. Unity Commc'ns of Colo. LLC*, 105 F. App'x 546, 547 (5th Cir. 2004) (per curiam) (alteration in original) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982)). Indeed, "the dismissal of a complaint for lack of jurisdiction . . . adjudicate[s] the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (per curiam) (citations omitted). Accordingly, the final judgment in the First Lawsuit has preclusive effect in this lawsuit, even though it was

entered after this lawsuit was filed. *See Javery v. Lockheed Martin Corp.*, No. 17-5106, 2018 WL 4028411, at *2 (E.D. La. Aug. 23, 2018) (rejecting argument that res judicata does not apply if the current lawsuit was filed prior to the entry of judgment in the preclusive lawsuit), *aff'd*, 765 F. App'x 98, 99 (5th Cir. 2019) (per curiam) ("The district court did not err in [its application of res judicata]. The facts that support the Appellants' FSA claims here all arose prior to the filing of their previous actions, and the nucleus of operative facts supporting their complaint here and the prior complaints is identical.").

Fourth, Plaintiff raises the same "claim or cause of action" in this case as she raised in the First Lawsuit. To determine whether two cases involve the same claim or cause of action, courts apply the "transactional test." *McIntyre*, 754 F. App'x at 265. Under the transactional test, res judicata applies to "all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* (quoting *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571). The Fifth Circuit has advised:

> Determining whether a grouping of facts constitutes a "transaction" or "series of transactions" must be done "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

*Id.* (quoting *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571). The key issue is not whether the plaintiff has pled the same claims or causes of action in both cases, but whether both cases are based on the same nucleus of operative facts. *Id.*; *Comer v. Murphy Oil USA*, 718 F.3d 460, 467 (5th Cir. 2013) ("[E]ven if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." (alteration in original)

(emphasis removed) (quoting *Landmark Land Co. v. Off. of Thrift Supervision*, 990 F.2d 807, 811 (5th Cir. 1993))).

The Court finds this case and the First Lawsuit are based on the same nucleus of operative facts. Plaintiff represents in the Amended Complaint that the First Lawsuit "deal[s] with the same facts involved in this action." *See* Dkt. 4 at 2. Indeed, in both cases, Plaintiff brings suit because she contends her children were wrongfully taken by the State of Texas. *Compare* Dkts. 1 and 4 *with* First Lawsuit Dkt. 9. Hence, in both cases Plaintiff seeks a court order requiring, *inter alia*, that Defendants return Plaintiff's children to her custody. *Compare* Dkts. 1 and 4 *with* First Lawsuit Dkt. 9. Because the factual basis for Plaintiff's complaints is identical in both lawsuits, the Court finds both cases are based on the same claim or cause of action. *See Javery*, 765 F. App'x at 99 (affirming dismissal based on res judicata where the nucleus of operative facts were identical in each case).

Accordingly, the Court finds all four elements have been met, precluding Plaintiff's claims against Judge Shipman, Commissioner Masters, and Governor Abbott based on res judicata.

### III. RECOMMENDATION

For the reasons stated, the Court recommends the Motions (Dkts. 15, 18) be **GRANTED** and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings

and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 23rd day of August, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE